■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DEMATA, Appellant. [602 NYS2d 368] —Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered March 11, 1991, convicting defendant, after a jury trial, of attempted murder in the second degree and assault in the first degree, and sentencing him to concurrent terms of 8⅓ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (*People v Contes,* 60 NY2d 620, 621), defendant's guilt was established beyond a reasonable doubt. Moreover, upon an

independent review of the facts, we found that the People's evidence was credible and indeed compelling. Defendant was known to the victim and his friend, both of whom positively identified defendant as the shooter at trial, and there were also defendant's admissions made to the person he encountered on the street shortly after the crime. That the witnesses themselves may have been involved in narcotics, or that persons who receive head wounds may suffer from confabulation merely presented questions of credibility for the jury. Defendant's argument that he was deprived of due process by the court's failure to give a limiting instruction with respect to the evidence that he was a drug dealer is not preserved for review as a matter of law, defendant having failed to request such an instruction and we decline to review the issue in the interest of justice. If we were to review, we would find that the evidence in question was probative of motive, and that any error in failing to give a limiting instruction was harmless. Concur—Murphy, P. J., Kassal, Rubin and Nardelli, JJ.